Mary Feeney, Appellee, v. National Council of the Knights and Ladies of Security, Appellant.

Gen. No. 16,463.

1. INSURANCE—*misrepresentations.* Where the insured knowingly makes false statements in his application material to the risk, the policy is void.

2. INSURANCE—*materiality of misrepresentations.* A representation in an application for life insurance that the applicant has not been confined to the house by illness within the past five years, where it appears that he was so confined with pneumonia within that time for a period of five or six weeks, is a false representation material to the risk.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of facts. Opinion filed August 12, 1912.

A. W. FULTON, for appellant.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted in the Circuit Court by ap-

pellee, Mary Feeney, against appellant, The National Council, Knights and Ladies of Security, a fraternal benefit society organized under the laws of Kansas, to recover the amount of a benefit certificate issued by appellant to Patrick Feeney, the husband of appellee, December 9, 1899, wherein appellee was named as beneficiary. To the declaration upon the benefit certificate appellant filed numerous special pleas, wherein it averred that said certificate was obtained by the insured by fraud and false representations and untruthful answers with reference to certain questions, material to the risk, in the application and medical examination, upon the faith of which said certificate was issued. Upon issue joined a trial by jury resulted in a verdict and judgment against appellant for $1,000, from which judgment it prosecutes this appeal.

Much of the argument of counsel is devoted to a discussion of the question whether under the contract of insurance the answers made by the insured to the questions involved constituted warranties or representations merely, but in the view we are impelled to take of the case we do not deem it necessary to discuss and determine that question. It is conceded by appellee that the answers or statements involved must at least be treated as representations, and that such representations, if untrue, would avoid the certificate of insurance, if they related to matters material to the risk, and were made by the insured with knowledge of their untruthfulness.

The insured's application for the certificate sued on bears date December 4, 1899, and the insured died October 15, 1900. Waiving a discussion of the several other alleged false representations and of the conflicting evidence relating thereto, we take up the consideration of an alleged false representation with reference to which there is no conflict of evidence.

The 38th question in the application for the certificate is as follows:

Feeney v. National Council, 172 Ill. App. 51.

"Have you had any illness, constitutional disease or injury that has confined you to the house during the past five years? If so, give particulars."

To this question the insured answered, "No."

Whatever view may be taken of the evidence bearing upon the other issues involved, the uncontroverted facts in the case are that in April, 1898, less than two years prior to the date of his application for the certificate, the insured had an illness which confined him to his bed at his home for at least two weeks; that he continued to remain at his home suffering from such illness and unable to work for a further period of at least three or four weeks, and that at that time he was paid six weeks' sick benefits by Court Protection No. 98, Independent Order of Foresters, of which order the insured was then a member.

Herman Till, the treasurer of said Court Protection No. 98, testified that he knew, of his own knowledge, that the insured was sick at that time; that he went to see the insured at his house; that the insured complained about his lungs, complained that his lungs hurt him; that he paid the insured $5 a week for six weeks, as and for sick benefits.

Henry J. Burwash, a physician, testified that he treated the insured professionally in April, 1898, during the absence of Dr. Moran, the regular attending physician; that he found the insured suffering from pneumonic condition or lung trouble, or pneumonia at least, and he had then been ill for some little time; that the insured was then apparently over the acute symptoms of the disease.

Mary Feeney, the appellee, and wife of the insured, testified that in April, 1898, her husband was sick in bed two weeks, was bedfast; that his illness started with a very bad cold; that Herman Till paid her husband five or six weeks' sick benefit at $5 a week; that the payment was made when her husband was up, after he had been in bed, but "before he went to work, when he was just well enough to get out."

Upon the uncontroverted facts it cannot be doubted that the statement of the insured in his application, that he had not had any illness, constitutional disease or injury, that had confined him to the house during the past five years, was false and of necessity being a matter within his personal knowledge, such statement must have been known to the insured to be false at the time it was made by him. That such statements, even if held to be merely a representation, related to a matter material to the risk cannot be seriously questioned. Indeed, no argument is advanced on behalf of appellee in an attempt to minimize the force and effect of the statement, or to show that it was not material to the risk.

Upon the undisputed facts in the case there can be no recovery by appellee and the judgment of the Circuit Court is reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*

FINDING OF FACTS: That the application made by the insured for the certificate sued on in this case formed a part of the contract of insurance between appellant and the insured; that in said application the insured, rendered the certificate of insurance sued on any illness, constitutional disease or injury that had confined him to the house during the five years prior to the date of said application; that said representation so made by the insured was false and was known by the insured to be false at the time it was made; that said representation related to a matter material to the risk; that said false representation, so made by the insured represented to appellant that he had not had null and void; and that appellant is not indebted to appellee thereon.